FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2017 JAN 26 PM 3: 23

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

DAVID HILL, Individually, and on
Behalf of All Others Similarly
Situated,

      Plaintiff,

v.

AERO-MARINE TECHNOLOGIES,
INC., a Florida Corporation.

      Defendant.

_____/

CASE NO.:

2:17-CV-53-FtM-38men

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID HILL, Individually, and on Behalf of All Others Similarly Situated ("HILL" or "Plaintiff"), by and through his undersigned attorney, sues the Defendant, AERO-MARINE TECHNOLOGIES, INC., a Florida Profit Corporation ("AERO-MARINE" or "Defendant"), and states as follows:

### NATURE OF ACTION

1.    Plaintiff and those Similarly Situated bring this action against the Defendant, his former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 – 219 ("FLSA").

### JURISDICTION

2.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. The Defendant AERO-MARINE is subject to the personal jurisdiction of the United States District Court because it engages in substantial and not isolated activity within this judicial district.

4. The Defendant AERO-MARINE is also subject to the personal jurisdiction of the United States District Court because it operates, conducts, engages in, and/or carries on business in the Middle District of Florida.

## FLSA COVERAGE

5. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

6. At all times material, Defendant had gross sales volume of at least $500,000 annually.

7. At all times material hereto, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. Defendant is an employer covered by the FLSA.

## VENUE

9. Venue is proper in the United States District Court for the Middle District of Florida based upon the following:

a. The unlawful pay practices alleged herein occurred in Charlotte County, Florida, in the Middle District of Florida;

b. At all times material hereto, Defendant continues to be a Florida Profit Corporation doing business within this judicial district.

2

c. Defendant employed Plaintiff in the Middle District of Florida.

## PARTIES

10.     At all times material hereto, Plaintiff was a resident of Charlotte County, Florida, in the Middle District of Florida.

11.     The additional persons who may become Plaintiffs in this action are all Defendant's employees in the last three years who worked in sales or parts and were paid on a salaried basis, but were not paid at the statutory rate of time and one-half the regular rate for all hours worked in excess of forty.

12.     AERO-MARINE was, and continues to be, a Florida corporation engaged in the transaction of business in Punta Gorda, Charlotte County, Florida, with its principal place of business located in Punta Gorda, Florida.

13.     At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

14.     At all times material hereto, Defendant AERO-MARINE was and continues to be an "employer" within the meaning of the FLSA.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

15.     Plaintiff realleges Paragraphs 1 through 14 as if fully stated herein.

16.     Defendant hired Plaintiff in or about September 2013.

17.     At all times material hereto, Defendant AERO-MARINE is an aircraft parts and repair services company.

18.    Plaintiff's employment ceased on or about October 2016.

19.    While employed by the Defendant, Plaintiff worked in the position of Materials Manager.

20.    Since Plaintiff's date of hire with Defendant, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

21.    Plaintiff and those Similarly Situated were entitled to be paid at the rate of time and one-half the regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

22.    Defendant failed to pay Plaintiff and those Similarly Situated overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

23.    Records, if any, concerning the number of hours worked, by Plaintiff and those Similarly Situated, and the actual compensation paid are in the possession and custody of the Defendant.

24.    Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and those Similarly Situated at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

25. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff and those Similarly Situated are entitled to liquidated damages pursuant to the FLSA.

26. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and those Similarly Situated have suffered damages in unpaid overtime wages, plus an equal amount as liquidated damages.

27. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff and those Similarly Situated respectfully requests that judgment be entered in his favor against the Defendant:

    a. Declaring that Defendant has violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in amounts according to proof;

    c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

By: _____
      Jason L. Gunter, Esq.
      Florida Bar No. 0134694
      Conor P. Foley, Esq.
      Florida Bar No. 111977

      JASON L. GUNTER, P.A.
      1625 Hendry Street, Suite 103
      Fort Myers, FL 33901
      Tel: (239) 334-7017
      Fax: (239) 236-8008
      E-mail: jason@gunterfirm.com
      E-mail: conor@gunterfirm.com
      Counsel for Plaintiff David Hill