UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID HILL, individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.                                              Case No:   2:17-cv-53-FtM-38MRM

AERO-MARINE TECHNOLOGIES, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the Amended Motion to Enforce Mediation Agreement (Doc. 16) filed on June 1, 2017.  Defendant Aero-Marine Technologies, Inc. requests that the Court enter an Order enforcing and adopting the Mediation Agreement attached as Exhibit A to the Motion.  (*See* Doc. 16 at 1; 16-1 at 1).  Plaintiff David Hill filed a Response (Doc. 20) on June 20, 2017.  After review of the parties' submissions, the Undersigned cannot recommend that the Court enter an Order adopting and enforcing the Mediation Agreement.

Defendant states that Plaintiff filed this action under the Fair Labor Standard Act ("FLSA"), claiming unpaid overtime wages.  (Doc. 16 at 1).  Defendant denies that any overtime wages are owed to Plaintiff.  (*Id.*).  Defendant further states that this action relates to a civil

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

action that is currently pending in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida. (*Id.*). Defendant asserts that on April 28, 2017, the parties and their counsel attended mediation and, at the conclusion of mediation, each party signed and executed a Mediation Agreement that resolves all of the issues in the instant case and in the state trial court case. (*Id.*). Defendant claims that Plaintiff "now wishes to disavow this agreement." (*Id.* at 2). Defendant cites to state law and the Florida Rules of Civil Procedure in support of its position that the Court should enforce the terms and conditions of the Mediation Agreement. (*See id.* at 2). Defendant concludes that the Mediation Agreement is valid and enforceable and Plaintiff is not permitted to re-litigate the terms of the agreement. (*Id.*). Defendant requests that the Court enter an Order adopting and enforcing the terms of the Mediation Agreement. (*Id.*).

In response, Plaintiff states that he was a former employee of Defendant. (*Id.* at 1). Plaintiff brought a state-court action alleging various causes of action arising out of restrictive covenants contained in a contract in violation of Florida's Uniform Trade Secrets Act, Fla. Stat. § 688. (*Id.*). Plaintiff further states that the parties attended a mediation on April 28, 2017 and the parties reached a global settlement of all claims and counterclaims in both the state and federal proceedings. (*Id.* at 2). After the mediation, Plaintiff claims that the parties prepared and exchanged more formal settlement agreements for both actions. (*Id.*). During this exchange, Plaintiff asserts that he asked for clarification on some of the restrictive covenant language contained in the Mediation Agreement. (*Id.*). Plaintiff claims that Defendant disagreed and stood firm on the terms of the Mediation Agreement. (*Id.*). Plaintiff "elected not to oppose Defendant's Motion and agrees to enforcement of the Mediation Agreement dated June 1, 2017." (*Id.*).

Even though Plaintiff does not oppose enforcement of the Mediation Agreement, the Court cannot simply grant the Amended Motion. This action was filed under the FLSA and the Court is obligated to review the terms of a settlement to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first way, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id.* at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id.* When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

Neither the Amended Motion to Enforce Settlement nor the Mediation Agreement provide sufficient information for this Court to determine whether all of the provisions of the proposed settlement satisfy the *Lynn's Food Store* requirements. The Mediation Agreement includes a lump sum payment of the settlement proceeds in the amount of $35,000.00. (Doc. 16-1 at 1). The parties fail to specify which portion of the settlement proceeds are attributable to back wages, liquidated damages (if any), and attorney's fees. *See* 29 U.S.C. § 216(b). Further, the Mediation Agreement contains other provisions – such as a full release of any and all claims arising out of Plaintiff's employment – without an explanation as to the additional consideration, if any, given for these concessions by the Plaintiff above and beyond the payment for back wages, liquidated damages (if any), and attorney's fees. *See Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). Thus, the Court cannot approve or enforce the terms of the Mediation Agreement.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

1) The Amended Motion to Enforce Mediation Agreement (Doc. 16) be **DENIED** without prejudice; and

2) The parties be ordered to elect one of the following options **no later than August 18, 2017**:[2]

    a) File a joint motion to approve a settlement agreement that comports with *Lynn's Food Store*; or

    b) File a Case Management Report so this case may proceed.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 29, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[2] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.