IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DAVID HILL,** individually, and on behalf
of all others similarly situated

CASE NO.: 2:17-cv-53-FtM-38MRM

*Plaintiff,*

v.

**AEROMARINE TECHNOLOGIES, INC.,**
a Florida Corporation,

*Defendant.*
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, DAVID HILL and Defendant, AEROMARINE TECHNOLOGIES, INC. (collectively "the Parties"), by and through their undersigned counsel, jointly request that this Court approve the terms of the Parties' settlement of the above captioned matter and dismiss this case with prejudice. The Settlement Agreement has been attached for the Court's review. *See* Settlement Agreement attached as **Exhibit "A."**

**I.**     **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district

court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff and Defendant were represented by experienced counsel.

II.     **Terms of FLSA Settlement**

    A.     **Plaintiff's Recovery**

Plaintiff will receive a total settlement in the amount of $7,000.00 representing $3500 in alleged back wages and $3500 in liquidated damages. The parties agree that the settlement is a reasonable compromise of disputed issues in this case, including whether Plaintiff work in excess of 40 hours in a workweek, the number of overtime hours worked, the proper calculation of

overtime, you were whether Plaintiff was examined the overtime provisions of the FLSA, whether a two or three-year statute of limitations applies to Plaintiff's claims, and whether liquidated damages are warranted. The parties believe that this settlement is fair and reasonable given the disputed issues and the inherent risks of litigation. Under these circumstances, the undersigned counsel find the settlement to be a reasonable settlement of a disputed claim.

    **B.**    **Attorney's Fees/Costs**

Separately, Plaintiff's counsel will receive $3,000.00 as payment of fees and costs for Plaintiff's. Plaintiff's attorneys' fees and costs were negotiated separately from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

**III**.    **Conclusion**

The Parties jointly request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

**Respectfully submitted,**

**Dated: July 21, 2017**

| By: /s/ **Jason L. Gunter, Esq.** | By: /s/ **Y. Drake Buckman, II, Esq.** |
|---|---|
| Jason L. Gunter | Y. Drake Buckman, II |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that we electronically transmitted the attached document to the Clerk of Court using the CM / ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM / ECF registrants on this 21st day of July, 2017:

| By: /s/ **Jason L. Gunter, Esq.** | By: /s/ **Y. Drake Buckman, II, Esq.** |
|---|---|
| Jason L. Gunter | Y. Drake Buckman, II, Esq. |
| Fla. Bar No. 0134694 | Fla. Bar No. 0137634 |
| Conor P. Foley | **BUCKMAN & BUCKMAN, P.A.** |
| Fla. Bar No. 111977 | 2023 Constitution Blvd. |
| **GUNTERFIRM** | Sarasota, FL 34231 |
| 1514 Broadway, Suite 101 | **Phone:** (941) 923-7700 |
| Fort Myers, Florida 33901 | **Fax:** (941) 923-7736 |
| **Phone:** (239) 334-7017 | **Email:** attorney@buckmanandbuckman.com |
| **Fax:** (239) 236-8008 | **Email:** nick@buckmanandbuckman.com |
| **Email:** Jason@Gunterfirm.com | *Counsel for Defendant* |
| **Email:** Conor@Gunterfirm.com | |
| *Counsel for Plaintiff* | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is made by and between DAVID HILL ("**HILL**"), and AERO-MARINE TECHNOLOGIES, INC., ("**AERO-MARINE**").

## RECITALS

**WHEREAS**, on January 19, 2017, HILL, through his counsel, filed suit against AERO-MARINE under the Fair Labor Standards Act ("FLSA") alleging violation of the overtime provisions of the FLSA and seeking back wages, liquidated damages, and attorney's fees;

**WHEREAS**, HILL and AERO-MARINE have reached settlement; and now mutually desire to settle HILL's claims under the FLSA;

**NOW, THEREFORE**, in consideration of the mutual promises set forth in this Agreement, HILL and AERO-MARINE agree as follows:

1. **MONETARY CONSIDERATION:** AERO-MARINE shall pay the gross settlement sum of ten thousand dollars **($10,000)**, which gross sum shall be paid in two equal installments of five thousand dollars **($5,000)** each, on the dates set forth below. This gross settlement of the FLSA claim is allocated as follows:

   a. **FLSA Overtime Claim:** Seven Thousand Dollars **($7,000)** shall be allocated for settlement of HILL's FLSA overtime claim brought against AERO-MARINE in Federal Court for the Middle District of Florida (Case Number 2:17-cv-53-FtM-38MRM), allocated as follows: **$3,500** for back wages and **$3,500** for liquidated damages;

   b. **Attorney's Fees and Costs:** Three Thousand Dollars (**$3,000**) shall be allocated as attorney's fees and costs for Plaintiff's counsel, "Jason L. Gunter, P.A." (Tax ID# 22-3977208).

2. **TIMING OF PAYMENT / INSTALLMENTS / DISTRIBUTION:** The above gross sum shall be tendered in **two separate and equal installments of Five Thousand Dollars ($5,000)** each which shall be made payable to **"Jason L Gunter, P.A. Trust Account."** Each installment payment shall be tendered to Plaintiff's counsel, Jason L. Gunter, Esq., such that they are **received on or before August 19, 2017 (Installment #1) and on or before September 18, 2017 (Installment #2)**. The above payments shall be tendered in one check per installment by delivery to **GUNTERFIRM, 1514 Broadway, Ste. 101, Fort Myers, FL 33901**. Plaintiff's counsel shall withhold any disbursement of funds until the Court has approved this Settlement Agreement. Counsel for Plaintiff

accepts responsibility for proper distribution of the settlement proceeds to Plaintiff based upon the allocation above.

3. **TAXATION:** The payments described above shall be tendered in full, with no withholdings. Pursuant to the terms of this Settlement Agreement, AEROMARINE shall issue two separate IRS 1099 Forms, one to Plaintiff representing all sums to be paid to HILL and one to Plaintiff's counsel, separately, representing all sums paid to Plaintiff's counsel. Plaintiff accepts responsibility for the reporting and payment of his own taxes under this Agreement.

4. **COURT APPROVAL AND DISMISSAL OF ACTION**: Pursuant to the Court's FLSA Scheduling Order and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties authorize their respective attorneys to give notice to the Court and to effectuate the dismissal with prejudice of the civil case, including a Motion to Approve Settlement Agreement. In the event this Settlement Agreement requires Court Approval, the parties authorize their counsel to take any necessary action to effectuate approval of the Settlement Agreement and, to the extent necessary, to engage in good faith to modify or eliminate any terms which the court requires or declines to approve. If required by the Court, the parties agree to cooperate and to modify any provisions of this Settlement Agreement and to promptly re-sign a revised Settlement Agreement.

5. **NO ADMISSION OF LIABILITY:** AERO-MARINE has made this payment for business reasons and it denies any liability associated with Plaintiff's claims.

6. **SPECIFIC RELEASE OF FLSA CLAIMS:** Plaintiff releases Defendant AEROMARINE (including its owners, officers, employees, related or affiliated companies) from all claims arising under the Fair Labor Standards Act or any other statutory or common law claim asserting the right to overtime or minimum wages arising out of employment with AEROMARINE.

7. **CLAIMS NOT RELEASED / STATE COURT ACTION**: The parties currently have an action pending in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida (Case No.: 2016-CA-005854-NC). This Settlement Agreement is not intended to cover or release any claims or counterclaims brought in the state court action.

8. **ENFORCEMENT / ATTORNEYS' FEES:** The parties understand and acknowledge that the District Court will not be retaining jurisdiction to enforce the terms of this Agreement once the dismissal has been entered. In the event of a breach of this agreement by Defendant for failure to timely make payments under this Agreement, the

parties stipulate that Plaintiff may file an action for breach of this agreement in the appropriate court in Lee County, Florida and that venue shall properly lie in Lee County, Florida based upon this stipulation. In the event that either party is required to enforce this Agreement, the prevailing party shall be entitled to costs and reasonable attorney's fees, including pre-suit fees associated with any demands or collections of the settlement monies set forth in Paragraph 1 of this Settlement Agreement.

9. **ENTIRE AGREEMENT:** This Agreement contains the entire agreement and understanding between the parties with respect to Plaintiff's claims under the Fair Labor Standards Act.

10. **SEVERABILITY:** If any provision of this Agreement is held invalid, such invalidation shall not affect other provisions of this Agreement and to this end the provisions of this Agreement are declared severable.

11. **MODIFICATION:** This Agreement may not be modified except in writing or as otherwise stated herein to comply with any Court Approval of terms.

12. **KNOWING AND VOLUNTARY:** HILL acknowledges that he has been represented by counsel throughout this case and that he has been thoroughly advised regarding all of his rights. HILL signs this Agreement knowingly and voluntarily with a full understanding of its terms and his rights. Plaintiff HILL is specifically aware of and agrees to the allocation of the settlement funds herein including the payment of attorney's fees and costs.

13. **EXECUTION/ORIGINALS NOT REQUIRED:** This Agreement may be signed in counterparts. A signed copy of this Agreement, if transmitted by email or fax, shall be effective and binding as if it were an original.

## THE PARTIES HAVE EXECUTED THIS SETTLEMENT AGREEMENT AND AGREE TO ITS TERMS AS OF THE DATE BELOW.

**DAVID HILL ("HILL")**

X _[signature]_

Date: 7-16-17

---

**AERO-MARINE TECHNOLOGIES, INC. ("AERO-MARINE")**

X _[signature]_

Name: Joseph Vaughn

Its: President

Date: 7-18-2017